USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5|22|19

RECEIVED
SDNY PRO SE OFFICE

2019 MAY 22 PM 4: 49

S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------

JOSHUA MEREGILDO, et al.,

        Defendant-Petitioner,     Case No. 11-cr. 576 (WHP)

   vs.                            16-cv. 7968 (WHP)

UNITED STATES OF AMERICA,

          Respondent.

**MEMO ENDORSED**

------------------------------

MOTION TO AMEND SECTION 2255 MOTION, PURSUANT TO
28 U.S.C. SECTION 2255(f)(3) & (4)

---

Comes now the petitioner, Joshua Meregildo, in pro se, and
hereby files his motion to amend his pending §2255 motion to
vacate sentence. In support of the motion, petitioner shows
as follows.

    I. <u>Basis for Amended Motion</u>

    In this amended motion, petitioner seeks to add a claim
that "his sentence of mandatory life imprisonment without
parole violates the Eighth Amendment of the United States
Constitution," relying on the rule announced in <u>Miller v.
Alabama</u>, 567 U.S. 460 (2012), and the recent decision of
<u>Cruz v. United States</u>, U.S. Dist. LEXIS 52924 (Dist. of Conn.,
March 29, 2018). Although petitioner did not seek relief by
way of the <u>Miller</u> decision at the time he filed his initial
§2255 motion, the impact of that decision did not become

apparant to Petitioner's case until Cruz was decided.

In Cruz, the Honorable Judge Janet C. Hall granted §2255 relief to a prisoner on the basis of a cliam similar to that of the Petitioner herein. Specifically, after conducting hearings and considering scientific evidence by expert witnesses, the judge accepted Cruz's argument that "Miller's prohibition of mandatory life imprisonment for adolescents should also be applied to those who were [18] at the time of their crimes." Id. And although Cruz focused primarily upon the "eighteen-year-old" age factor, Petitioner points out that the evidence presented to the court in Cruz also highlighted the fact that scientific research and national consensus indicated that nineteen-year-olds exhibited the same hallmark features of youth that justified the decision in Miller.

## II. Section 2255(f)(3) in the Miller Context

Miller was decided on June 25, 2012. In 2016, the Supreme Court held in Montgomery v.Louisiana, 136 S.Ct. 718 (2016), that Miller announced a new rule that was retroactive to cases on collateral review. see 136 S.Ct. at 734. Under the AEDPA, petitioner had one-year from the date of the Montgomery decision to file his §2255 motion asserting a claim for relief pursuant to Miller. Petitioner concedes that his current basis for relief under Miller is untimely. However, Petitioner states

2

that this Court can consider the issue under §2255(f)(3) because Miller-Montgomery is the Supreme Court established a newly recognized right that was made retroactively applicable to cases on collateral review. Petitioner relies on the Cruz decision in asserting his Miller claim. Although Cruz is not a newly asserted right decided by the Supreme Court, it stems from recent Supreme Court decisions (Miller). See e.g., United States v. Stumbaugh, U.S. Dist. Lexis 17309 (Dist. of Kansas, 2018).

III. Section 2255(f)(4)

Section 2255's one-year limitations period also runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255(f)(4).

Petitioner argues that his new proposed claim for relief is timely pursuant to 2255(f)(4). He asserts that he only became aware of the facts supporting his claim when the Cruz decision was first published on the prison's law library computer system, which was sometime on May 12, 2018. In support of this exception, Petitioner directs the Court's attention to Easterwood v. Champion, 213 F.3d 1321 (10th Cir. 2000)(holding petitioner had demonstrated due diligence in discovering the factual predicate of his claim, consisting of a newly released case relevant to his conviction- and

3

noting the appropriate start date of the limitation period was not the opinion's release date, but the date it "bec[a]me access[i]ble to the population in the [prison's] law library")

Petitioner asserts that his one-year limitation period should have started to run on or about the time the Cruz case first was made accessible to the inmate population, sometime on or about May 12, 2018. That is when Petitioner first discovered the facts set forth in Cruz relating to the scientific studies concluding that Miller's protections apply to an 18-year old individual.

IV. Facts as Applied

Petitioner was born on November 11, 1990. At the age of nineteen, he committed gang-related crimes as part of the CAC Enterprise ████████████ ████████ After jury trial, petitioner was principally sentenced to life imprisonement for a related murder. Petitioner asks the Court to apply the rule in Miller to his case, arguing, just as Cruz did, that "the national consensus disfavors applying mandatory life imprisonment without parole to 19-year olds and that the science indicates that the same indicia of youth that made mandatory life in prison without parole unconstitutional for those under the age of 18 in Miller also applies to Petitioner, i.e., 19-year olds.

## CONCLUSION

Wherefore, petitioner prays that the Court will grant his motion to amend and order respondent to reply to the new Miller claim.

Dated: May 9, 2019

Respectfully submitted,

JOSHUA MEREGILDO

Application granted.  The Government shall respond within sixty days of this Order.  Petitioner may file reply papers, if any, within thirty days of the date he is served with the Government's response.  The Clerk of Court is directed to mail a copy of this Order to Petitioner.

Dated: April 6, 2020
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

CERTIFICATE OF SERVICE:

　　　I hereby certify and declare under penalty of perjury that I caused to be served a copy of the foregoing on the below part(y):

AUSA, SOUTHERN DISTRICT OF NEW YORK
　　One Saint Andrews Plaza
　　New York, New York 10007

by depositing a copy of the same in the US Mail at United States Penitentiary, Canaan, Waymart, PA. 18472.

Dated: May 9, 2019.　　　　　　　　　　||s||
　　　　　　　　　　　　　　　　　MEREGILDO, JOSHUA



United States District Court
Southern District of New York
*Pro Se Intake Unit*

RECEIVED
SDNY PRO SE OFFICE

2019 JUN -6 PM 12: 14

_____ OF N.Y.

To:       Hon. WILLIAM H. PAULEY III
From:     V. Noriega, Pro Se Intake Clerk, Ext. 1177
Date:     May 23, 2019
Re:       Meregildo v. United States of America, **16-cv-7968 (WHP)**

The attached document, which was received by the Pro Se Intake Unit on May 22, 2019, has been submitted to the Court for filing. The document is deficient as indicated below. Instead of docketing the document for public access, it has been docketed as a court-view only docket entry. I am forwarding it to you for your consideration. *See* Fed. R. Civ. P. 5(d)(2)(B), (4).

☐     No original signature.

☐     No Affirmation of Service/ proof of service.

☒     Other: <u>Petitioner is filing a (Second) Motion to Amend Section 2255 Motion, Pursuant to 28 U.S.C. Section 2255(f)(3) & (4), please advise.</u>

If you memo-endorse the filing, you do not need to return this memorandum to the Pro Se Intake Unit. Once your memo-endorsement is docketed and filed, all ECF users on the case will be notified.

In the alternative, please return this memorandum with the attached papers to this Unit, indicating at the bottom what action should be taken.

☑     **ACCEPT FOR FILING**

☐     **RETURN TO *PRO SE* LITIGANT**

| Comments: |
|---|
|  |
|  |
|  |

Dated: 6/4/19                    _____
                                  United States District / Magistrate Judge

JOSHUA MEREGILDO #64832054
UNITED STA...
PO BOX 300
WAYMART, PA 18472

CERTIFIED MAIL

7015 1520 0001 1323 7208

Pro Se
Cd

USM P3
SDNY

COURT CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007