UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                              11-cr-576 (PKC)

      -against-                                                            ORDER

JOSHUA MEREGILDO,

                           Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Joshua Meregildo, who is proceeding pro se, moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF 825.) Meregildo was convicted after trial before the late Judge Pauley of eight offenses relating to his participation in the Courtlandt Avenue Crew operating in or around two public housing projects: participating in a racketeering enterprise (Count One), racketeering conspiracy (Count Two), conspiracy to murder in aid of racketeering (Count Five), murder in aid of racketeering (Count Six), conspiracy to distribute and possess with intent to distribute a controlled substance (Count Fifteen), Murder in Connection with a Drug Crime (Count Seventeen), Discharge of a Firearm Resulting in Murder (Count Twenty-One) and possession of a firearm during and in relation to a drug trafficking crime (Count Twenty-Eight). Judge Pauley sentenced him principally to a term of life imprisonment plus 60 months, which functionally is a life sentence. He was 22 years old at the time of sentencing and had been detained on the charges since March 10, 2011. Meregildo seeks a reduction in sentence to principally 262 months' imprisonment.

        For the reasons explained, this motion also will be denied.

DISCUSSION

Upon the motion of a defendant who has exhausted all administrative remedies, a court "may reduce" the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A)(i). The court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable" and must find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A).

The government concedes that Meregildo filed his application for release with the warden of his facility in December 2022 and has exhausted his administrative remedies.

"Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'" United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). District courts have "broad discretion" when considering such motions and are free to "consider the full slate of extraordinary and compelling reasons that may warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (internal quotation marks omitted). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason'" for sentence reduction. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)).

"[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." Jones, 17 F.4th at 374. Even where such circumstances exist, "the court must also consider 'the factors set forth in section 3553(a) to the

extent that they are applicable' before it can reduce the defendant's sentence." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

Among the extraordinary and compelling circumstances cited by Meregildo, who is presently 33 years old, are the high security, violence, lockdowns and understaffing at the facilities where he has been incarcerated; he had been at USP McCreary near Pike Knot, Kentucky, but has moved to USP Hazelton, USP Canaan and, since 2022, USP Beaumont in Texas. He also cites his health condition i.e. bronchitis, asthma and PTSD;[1] he has been vaccinated but correctly notes that he is at a greater risk of health consequences if he contracts COVID-19. He cites his youthful age, 19, at the time of the offense conduct. He also expresses remorse and has submitted letters from fellow inmates expressing appreciation for his kindness.

He has had a record of disciplinary violations, some serious, which appears to have stopped in the last few years.

None of the factors cited by Meregildo, individually or collectively, amount to extraordinary and compelling reasons for release.

The Court has also considered the section 3553(a) factors and concludes that they weigh against his release. The remarks of Judge Pauley conveyed the "raw emotion and profound sadness" that filled the courtroom on the day of sentencing. (ECF 510 at 53.) "Now, the defendant Joshua Meregildo comes before this Court having been convicted of the most serious crimes imaginable: Murder, racketeering, drug dealing, firearms offenses and bank robbery." (Id. at 54.) The Court commented on his mother's efforts to provide for him with a "loving environment." (Id. at 55.) Judge Pauley described some of his criminal conduct:

---

[1] Records submitted by the government indicate that Meregildo's asthma is controlled, and he does not use an inhaler because he is asymptomatic.

> On July 31, 2010, Mr. Meregildo truly earned his nickname [i.e., Killa], together with Devon Parsons and Walter Aponte, he stalked Carrel Ogarro and waited for the opportune moment to kill him. When that moment arrived, Mr. Meregildo pulled out a. 380 pistol and . . . started [to] blast away ending, Carrel Ogarro's life. Mr. Meregildo murdered Mr. Ogarro for money and because he believed Mr. Ogarro was a snitch and a threat to Mr. Meregildo's racketeering enterprise.
> From the spring of 2010 through September 2011, Mr. Meregildo sold crack cocaine and marijuana, ran the enterprise for a time, and engaged in various acts of indiscriminate violence, including murder.
> He also robbed banks. Since his incarceration, he's doubled down on his past decisions, replacing his leadership position in the Courtlandt Avenue crew with a leadership position in the Macbala Bloods, another violent gang.

The goals of deterrence, just punishment, the seriousness of the offense and respect for the rule of law all weigh against Meregildo's application at this time on these grounds. 18 U.S.C. § 3553(a).

The motion for a reduction of sentence under 18 U.S.C. § 3582(C)(1)(A) is DENIED. (ECF 825.) The Clerk is respectfully directed to terminate the motion.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
       November 30, 2023

COPY MAILED TO:
Joshua Meregildo
Register Number: 64832-054
USP Beaumont
P. O. Box 26030
Beaumont, TX  77720